**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:15-CV-208-GCM-DCK**

| | |
|---|---|
| LINDA L. KIDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 9) and "Defendant's Motion For Summary Judgment" (Document No. 11). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I.  BACKGROUND

Plaintiff Linda L. Kidd ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about January 21, 2014, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning August 3, 2013. (Transcript of the Record of Proceedings ("Tr.") 10, 239-245). The Commissioner of Social Security (the

"Commissioner" or "Defendant") denied Plaintiff's application initially on April 9, 2014, and again after reconsideration on August 29, 2014. (Tr. 10, 142-145, 146-150, 158-160, 162-164). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 158).

Plaintiff filed a timely written request for a hearing on September 30, 2014. (Tr. 10, 176-177). On February 4, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd D. Jacobson ("ALJ"). (Tr. 10, 21-49). In addition, William W. Stewart, a vocational expert ("VE"), and Scott W. Roberts, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on March 18, 2015, denying Plaintiff's claim. (Tr. 7-9, 10-20). On May 12, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on July 24, 2015. (Tr. 1-3). The March 18, 2015 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on September 17, 2015. (Document No. 1). On October 1, 2015, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 9) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 10) were filed February 16, 2016; and "Defendant's Motion For Summary Judgment" (Document No. 11) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 12) were filed April 12, 2016. "Plaintiff's Response To Defendant's Memorandum In Support Of Motion For Judgment On The Pleadings" (Document No. 13) was filed April 21, 2016.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 3, 2013, and the date of his decision.[1] (Tr. 10). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

|     | impairments that meet the duration requirement in § 404.1509 - if no, not disabled; |
| --- | --- |
| (3) | whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled; |
| (4) | whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and |
| (5) | whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled. |

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth step that Plaintiff was not disabled because she "is capable of performing past relevant work as a packer." (Tr. 18).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 3, 2013, her alleged disability onset date. (Tr. 12). At the second step, the ALJ found that degenerative joint disease, degenerative disc disease, chronic obstructive pulmonary disease, a mood disorder, and an anxiety disorder were severe impairments.[2] (Tr. 12). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 14).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> sit/stand at 1 hour intervals, no concentrated exposure to moving machinery, unprotected heights, and dust, fumes, and gases, and unskilled work with occasional public contact.

(Tr. 15). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could perform her past relevant work as a packer. (Tr. 18). In addition, the ALJ made alternative findings at the fifth and final step. (Tr. 18-19). The ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 19). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included inspector/packer, laundry folder, and bench sorter. (Tr. 19). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 3, 2013, and the date of his decision, March 18, 2015. (Tr. 20).

**Assignment Of Error**

Plaintiff on appeal to this Court makes one (1) assignment of error – that the ALJ's decision failed to properly address Plaintiff's moderate limitations in concentration, persistence and pace, and thus fails to comply with Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (Document No. 10, pp.2-3).

Specifically, Plaintiff argues that the ALJ erred in his assessment of the mental RFC. (Document No. 10, p.4). Plaintiff notes that the ALJ found that she had "mild limitations in social functioning and moderate limitations in concentration, persistence and pace." Id. (citing Tr. 14). Plaintiff further notes, that despite these findings, "when assessing the RFC, the only mental limitations included were for 'unskilled work with occasional public contact.'" Id. (quoting Tr. 15).

Plaintiff contends that the "occasional public contact limitation" may account for her social functioning limitations, but the limitation to unskilled work does not adequately account for limitations in concentration, persistence and pace. Id. (citing Mascio, 780 F.3d at 680). In short, Plaintiff asserts that the ALJ failed to include these limitations in his RFC, or to explain why they were not included. (Document No. 10, p.5) (citing Scruggs v. Colvin, No. 3:14-cv-466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015); and Reinhardt v. Colvin, No. 3:14-cv-488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015)). Plaintiff concludes that the ALJ's failure to account for her limitations in concentration, persistence and pace violate a duty imposed by relevant caselaw, including Mascio, and therefore, this case should be remanded to address this error. (Document No. 10).

In response, Defendant simply asserts that the "ALJ explained his finding of moderate difficulties in CPP [concentration, persistence and pace] by noting that Dr. McNulty, the consultative examiner, stated that Plaintiff's ability to tolerate stress was moderately impaired." (Document No. 12, p.5) (citing Tr. 14, 629). Defendant appears to conclude that McNulty's statement about Plaintiff's ability to tolerate stress somehow fully accounts for McNulty's opinion and the ALJ's own findings regarding moderate difficulties in concentration, persistence and pace. Id.

In response, Plaintiff contends that Defendant is "conflating two different findings." (Document No. 13, p.1). Plaintiff then re-asserts that "the ALJ did not explain why these admitted moderate limitations in CPP did not translate into work related limitations in the RFC. Id.

Plaintiff later notes:

> As the Court held in Mascio, "[p]erhaps the ALJ can **explain** why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity… But because the ALJ here gave no explanation, a remand is in order." Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015).

(Document No. 13, p.3).

The undersigned finds Plaintiff's concise argument(s) in her Memorandum and Response to be effective. (Document Nos. 10 and 13). While Defendant may ultimately be correct that Plaintiff can perform her past relevant work and/or other work in the national economy, the undersigned is persuaded that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 9) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 11) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for a new hearing and further consideration.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days**

8

of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  <u>Diamond</u>, 416 F.3d at 316;  <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  <u>Snyder v. Ridenhour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989);  <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 9, 2017

David C. Keesler
United States Magistrate Judge